# THOMPSON v. BAKER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.

No. 72. Submitted November 4, 1891. — Decided November 16, 1891.

A conveyance by a debtor in Texas of his real estate there, made with intent to delay, hinder or defraud his creditors, being void as to the latter under the statutes of that State, a judgment sale and transfer of such property, in an action commenced by the levy of an attachment upon it as the property of the debtor, made after the fraudulent sale, is upheld in this case as against a *bona fide* purchaser from the fraudulent grantee, taking title after the levy of the attachment.

This was an action of trespass to try the title to a tract of land in Clay County, Texas, containing seventeen hundred and twenty-nine acres, more or less. The dispute was between Thompson, who was the plaintiff below, and Schuler. Each party claimed under Baker. Schuler pleaded not guilty, alleging, by way of reconvention, that he was the owner in fee and entitled to a judgment for the land, with damages, and writ of restitution. The court tried the case, making a special finding of facts, in accordance with the agreement of the parties, upon which judgment was entered in favor of Schuler.

The history of the title, as shown by that finding, was as follows: Baker, August 30, 1884, conveyed the land, with general warranty, to one Ledbetter, the deed reciting a consideration of $8225 evidenced by three promissory notes, each for one-third of that sum, and due, respectively, on the first days of September, 1885, 1886 and 1887. The grantee was a nephew of Baker, and a single man, living on the land with his uncle, and having there 40 head of cattle. After the deed, he continued to live with Baker, who had 300 head of cattle on the land. But their value is not stated; nor does it appear to what extent Baker was indebted, or what other property, if any, he had in the State subject to execution.

The deed of August 30, 1884, was made to defraud the creditors of the grantor, particularly Schuler, who, at its date,

held the note of Baker and others for $10,000. It was never delivered to Ledbetter, but was put on record by Baker, September 29, 1884.

A few days before that deed was recorded, namely, on the 24th day of September, 1884, Schuler instituted suit on his demand of $10,000 against Baker and others in the District Court of Clay County, Texas, and, on the same day, sued out an attachment, which was levied upon the land in controversy as the property of Baker. That suit, on Schuler's application, was removed into the Circuit Court of the United States for the Northern District of Texas, in which court the transcript was filed December 4, 1884. On the next day, December 5, 1884, Schuler sued out in that court another writ of attachment, which was levied the same day on the land in dispute as the property of Baker.

On May 9, 1885, Ledbetter made and delivered to J. N. Israel a general warranty deed, conveying the land to the latter, and reciting a consideration of $10,000 cash. On the same day, Baker executed a release of his vendor's lien. The deed and release were both acknowledged on the day last named. Two days later, May 11, 1885, Baker executed to Israel a quit-claim deed for the land. No consideration was paid by Israel to Baker or to Ledbetter for their respective conveyances, which were recorded May 14, 1885.

On the 1st day of August, 1885, Thompson loaned to Israel the sum of $5000, for which the latter executed his note secured by mortgage on this land. Default in performing the stipulations of the mortgage having occurred, Thompson brought suit against Israel in the court below to foreclose it. The finding does not show when that suit was instituted, but it was commenced after Schuler's action was brought.

In Schuler's suit, the court below rendered judgment, January 12, 1886, against Baker and others for the debt sued on, " with foreclosure of the attachment lien." The judgment recites that " the attachment lien, as it existed December 5, 1884, is foreclosed ; " the writ issued in the state court not being mentioned in it. Upon the above judgment an order of sale was issued. The sale took place June 1, 1886, Schuler

becoming the purchaser,·and receiving a deed from the marshal, which was recorded June 4, 1886.

Subsequently, June 16, 1886, Thompson obtained a decree in his suit, under which the land was sold on the 3d of August, 1886. He became the purchaser at the sale, receiving from the marshal a deed, which was recorded in September, 1886.

When Thompson made the loan to, and took the mortgage from, Israel, he had no knowledge of the fact that the latter paid nothing for the conveyances from Baker and Ledbetter, nor of the fraudulent intent·with which Baker conveyed to Ledbetter, nor actual notice of any defect or infirmity in the title.

The writs of attachment in the action of Schuler v. Baker, etc., the court found, "were properly sued out, issued and levied, and by proper officers, and the lien on the land in controversy, under the writ of December 5, 1884, was duly and regularly foreclosed." It was also found that "the foreclosure proceedings under the mortgage from Israel to Thompson were regular."

Neither Thompson, Ledbetter nor Israel were parties to Schuler's suit, nor was Schuler a party to Thompson's suit.

Such is the case made by the finding of facts.

The statute of Texas, relating to frauds and fraudulent conveyances, declares that "every gift, conveyance, assignment or transfer of, or charge upon any estate, real or personal, every suit commenced, or decree, judgment or execution suffered or obtained, and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This article shall not affect the·title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor;" also, that "every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon a consideration deemed valuable in law, shall be void as to prior creditors unless it appears that such debtor was then

possessed of property within this state sufficient to pay his existing debts; but such gift, conveyance, assignment, transfer or charge shall not on that account merely be void as to subsequent creditors, and though it be decreed to be void as to a prior creditor, because voluntary, it shall not for that cause be decreed to be void as to subsequent creditors or purchasers." Sayles's Texas Civil Statutes, vol. 1, Art. 2465, p. 807, Art. 2466, p. 809 ; Rev. Stats. Texas, 1879, p. 363.

*Mr. D. A. McKnight* for plaintiff in error.

This suit is between two purchasers at execution sales of the same land, each holding the marshal's deed, and the true ownership may properly be determined in an action of trespass to try title. *St. Louis &c. Railway Co.* v. *Whitaker*, 68 Texas, 630.

Thompson, the plaintiff, claims that Baker's deed passed his title prior to Schuler's attachment lien, and that he therefore has the elder title, which, on the pleadings, entitles him to judgment; that the deeds, from Baker down to Israel, were untainted by fraud or other invalidity ; and that, if they were tainted by invalidity, he nevertheless acquired a good title as an innocent purchaser for value.

The argument for the plaintiff is primarily founded on two propositions of law, fixing the scope and effect of an agreed statement of facts, namely, that in this court, as in the court below, the agreed statement embodies "the ultimate facts or propositions which the evidence is intended to establish," *Burr* v. *Des Moines Railroad & Navigation Co.*, 1 Wall. 99 ; and is held "to present questions of law alone for the consideration of the court." *Supervisors* v. *Kennicott*, 103 U. S. 554. Upon these "ultimate facts," in connection with the pleadings, it is submitted that the court below erred in its application of the law, and that judgment should have been rendered for the plaintiff.

I. The conclusion of law should have been that the plaintiff's title is superior because the facts show it to be the older, and on the pleadings the defendant could not attack its validity.

Baker's deed, being recorded prior to Schuler's attachment lien, vested a *prima facie* elder title in the plaintiff.

Both parties deraign from Baker as a common source of title. But the plaintiff starts with Baker's deed to Ledbetter, dated August 30, 1884, and recorded September 29, 1884; whilst the defendant starts with the marshal's deed, recorded June 4, 1886, under a sale made June 1, 1886, upon the foreclosure of an attachment levied December 5, 1884. An attachment lien becomes effective at date of the levy. Rev. Stats. Texas, Art. 179.

But it is to be observed that the defendant is not now in court for the purpose of enforcing either or both of the attachment liens which he placed on the land, but as a stranger to that suit, and a mere purchaser under the lien actually foreclosed. The lien of the attachment levied on September 24, 1884, on the writ from the state court, was never foreclosed as required by the statute. Rev. Stats. Texas, Art. 180.

Hence the lien acquired prior to the recording of Baker's deed was abandoned, and at the execution sale the defendant took nothing under it. *Cook* v. *Love*, 33 Texas, 487. He bought only the execution debtor's interest at date of the levy of December 5, 1884, (*Jones* v. *Powers*, 65 Texas, 207; *Sullivan* v. *O'Neal*, 66 Texas, 433,) and at said date *prima facie* the title was not in Baker.

In an action of trespass to try title, the *prima facie* elder title prevails. The action of trespass to try title is in principle like an action of ejectment. Rev. Stats. Texas, Art. 4785. In an action of ejectment, proof of a common source of title, with conveyances linking it to the plaintiff, makes out his *prima facie* case. *Roosevelt* v. *Hungate*, 110 Illinois, 595; *Smith* v. *Lindsey*, 89 Missouri, 76. Such is the law in Texas in the action of trespass to try title, the *prima facie* paper title being sufficient. *Montgomery* v. *Carlton*, 56 Texas, 361. Proof of an elder deed entitles the plaintiff to recover, and proof of a title originating prior to the attachment lien is sufficient. *Sebastian* v. *Martin Brown Co.*, 75 Texas, 291. Where there was a plea of the general issue, and also a special plea in reconvention, with allegation of title, as in the case

at bar, the court held the plaintiff entitled to a finding in the absence of proof of a superior right in the defendant. *McNamara* v. *Meunch*, 66 Texas, 68.

Plaintiff Thompson, then, having proved an older paper title, is entitled to judgment, unless there be some other principle of law arising upon the facts which bars it. To ascertain whether there is such a bar, we will examine each one of the recited facts bearing on the question.

The priority of the marshal's deed to the defendant does not, under the statutes of Texas, impair the plaintiff's title.

In Texas, a purchaser from a party to a suit after levy of the attachment takes subject thereto. *Tuttle* v. *Turner*, 28 Texas, 759; *Hancock* v. *Henderson*, 45 Texas, 479; *Paxton* v. *Meyer*, 67 Texas, 96. The true and the modern doctrine of *lis pendens* is, not that suit is notice, but that the law will not allow parties litigant to defeat the execution of the decree by a sale of the property. *Dovey's Appeal*, 97 Penn. St. 153. A purchaser is chargeable with *lis pendens* when the suit is against his grantor. *Randall* v. *Snyder*, 64 Texas, 350; *Tredway* v. *McDonald*, 51 Indiana, 663. But there is no *lis pendens* when the holder of the legal title is not a party. *Miller* v. *Sherry*, 2 Wall. 237; *Union Trust Co.* v. *Southern Navigation Co.*, 130 U. S. 565. A bill to set aside a conveyance for fraud is not *lis pendens* as to the mortgagee, where the title was of record, and a purchaser of the mortgage title is not affected by it. *Bradley* v. *Luce*, 99 Illinois, 234. And a suit to recover land is not notice to the mortgagee of the defendant before he is made a party to it. *Arnold* v. *Smith*, 80 Indiana, 417.

The reservation of a vendor's lien in Baker's deed does not impair the plaintiff's title, because it was not attachable; it was released of record when the plaintiff acquired his interest; and it is not shown that the purchase money remains unpaid.

In Texas a vendor's lien is not assignable, (*Cassaday* v. *Frankland*, 55 Texas, 452, 460,) it cannot be taken in execution, (*Vickery* v. *Ward*, 2 Texas, 212, 216,) and it cannot be attached (*Adoue* v. *Jemison*, 65 Texas, 680). An express vendor's lien is the equivalent of a mortgage from the vendee to the vendor.

(*Caldwell* v. *Fraim*, 32 Texas, 310; *Baker* v. *Ramey*, 27 Texas, 52; *King* v. *Young Men's Ass'n*, 1 Woods, 386,) and the general rule is that such an interest is not attachable.

The defendant is estopped by his pleadings from attacking the validity of Baker's deed, under which the plaintiff claims title.

II. The conclusion of law should have been that the plaintiff's title was not affected by the nondelivery of Baker's deed mentioned in the agreed statement of fact. Even if it was not constructively delivered by recording it, nevertheless Baker had sold the land and Ledbetter was its real owner, and it was therefore not subject to Schuler's attachment.

III. The conclusion of law on the ultimate facts recited should have been that Baker's deeds to Ledbetter and Israel were not fraudulent conveyances. Even if Ledbetter and Israel were parties to Baker's fraud, the plaintiff was a *bona fide* purchaser for value, without notice, and took a good title against Baker's creditors.

*Mr. Sawnie Robertson* for defendant in error.

MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

The transaction by which Baker attempted to put the title to the land in his nephew was a mere sham. The deed was never delivered to the pretended grantee; and, having been made with the intent to defraud the creditors of the grantor, particularly Schuler, was void, under the statute, as to such creditors. It did not, therefore, as between Schuler, Baker and Ledbetter, stand in the way of Schuler's causing, as he did, an attachment to be levied upon the land as the property of his fraudulent debtor. Equally ineffectual, as against Schuler, was the conveyance by Ledbetter, and the quit-claim deed of Baker to Israel. No consideration of any kind passed from Israel to either of the fraudulent grantors, and those deeds were void as to prior creditors.

So that, on the 1st day of August, 1885, when Thompson took a mortgage from Israel, the land was under a lien created

by Schuler's attachment of December 5, 1884, which was levied upon it as the property of Baker. The deed from Baker to Ledbetter, and the conveyance from Ledbetter to Israel, being void as to Schuler, he had the right to proceed to a decree in his suit without noticing the apparent title, which Ledbetter had, of record, at the time the attachment of December 5 was levied, or the title which the latter attempted, after the levy of that attachment and in fraud of Baker's creditors, to convey to Israel. It results that the rights of Thompson under the mortgage from Israel, and under the decree, sale and purchase in the suit brought by him, having been acquired while the land was under a valid levy by Schuler's attachment of December 5, 1884, as the property of Baker, were subject to whatever rights were acquired by Schuler, as purchaser, under the decree in his suit. Baker being a party to that suit, his interest in the land, levied upon by Schuler's attachment, could not be conveyed by him so as to defeat the final decree in that suit. And no greater rights could be acquired by a purchaser from Baker after the attachment, than Baker himself had. In *Tuttle* v. *Turner*, 28 Texas, 759, 773, which involved the title of one who purchased land after a levy thereon of an attachment, the court said : " If he purchased after the appellees acquired a lien on the lands by levy of the attachment, his rights are subordinate to theirs. The attachment lien being a prior incumbrance, he takes subject to its prior satisfaction. Being a *pendente lite* purchaser, he is affected with notice of the rights of the appellees," etc. So, in *Hancock* v. *Henderson*, 45 Texas, 479, 484, where the contest was between the holder of an attachment lien upon land, and a person who purchased from the grantees of the defendant in the attachment, who, it was alleged, had conveyed the land to such grantees with the fraudulent intent to hinder his creditors, such purchaser having no actual notice of the issuing of the attachment or of the levy, the court said : " That a valid levy created a lien on the land attached, and, when properly returned on the writ into the court from which it issued, is notice to third parties, are propositions which it is not deemed necessary to discuss. . . . It follows that

Mrs. Louisa Hancock [the purchaser after the levy of the attachment] having bought the land under these circumstances, took it subject to the plaintiff's [attachment] lien." To the same effect is *Paxton* v. *Meyer*, 67 Texas, 96, 98. See also *County of Warren* v. *Marcy*, 97 U. S. 96, 105; *Union Trust Co.* v. *Southern Navigation Co.*, 130 U. S. 565, 570; *Murray* v. *Ballou*, 1 Johns. Ch. 566, 576.

For the reasons stated, we are of opinion that the title to the land was in Schuler in virtue of his purchase at the sale in the suit brought by him, and of the marshal's deed to him.

*Judgment affirmed.*