## FLEISCHMAN v. BOWSER et al.

(Circuit Court of Appeals, Fifth Circuit. May 15, 1894.)

No. 185.

1. ATTACHMENT—LEVY AND LIEN—RETURN.

In an action against copartners under the firm name of "Fee Bros. & Co.," a writ of attachment, obtained on the ground that defendants were about to dispose of their property with intent to defraud creditors, designated them by their individual names, but they were also described in the writ and the other proceedings by the firm name, and return was made of a levy upon "all the right, title, and interest of Fee Bros. & Co." in certain land. *Held,* that, as the jurisdiction did not depend on the sufficiency of the return, and the firm name was not used as representing a distinct party, the attachment bound the title one of the copartners individually had in the land, and was not limited to the interest of the firm as a distinct entity.

2. SAME—FRAUDULENT CONVEYANCES—TRESPASS TO TRY TITLE.

In trespass to try title to land, brought by the purchaser thereof under an attachment, where defendants, claiming under a deed from the attachment debtor, acquired title pending the attachment, evidence that the deed was made to hinder, delay, and defraud creditors, such a deed being fraudulent and void under statutes of the state, raises a question for the jury as to its fraudulent character.

Error to the Circuit Court of the United States for the Northern District of Texas.

This case was instituted December 23, 1890, in the circuit court of the United States for the northern district of Texas, by Samuel Fleischman, plaintiff in error, against O. P. Bowser, Franklin Butler, and Byron Truell, defendants in error, to try title to a lot in the city of Dallas, state of Texas. Plaintiffs declared in the court below in the ordinary form of "trespass to try

title." Defendants pleaded not guilty, improvements in good faith, and in reconvention to establish title. The case was tried in the court below before the judge and jury, and resulted in a verdict and judgment for the defendants.

The evidence adduced on the trial showed that Priscilla Fee, who died on the 1st day of December, 1886, had legal title to the lot in controversy at the time of her death; that Priscilla Fee left surviving her O. P. S. Fee, her husband, and C. E. Fee, George E. Fee, Frank P. Fee, and Flora A. Duffy, wife of William J. Duffy, her children, who were her only heirs at law; and that by various transfers and conveyances, duly recorded, among and between the heirs of Priscilla Fee, it resulted that on the 9th day of February, 1887, C. E. Fee, for the alleged consideration of $4,000, paid by D. E. Fee, conveyed the said lot, by good and sufficient warranty deed, to D. E. Fee, which deed was duly filed for record on the 21st day of February, 1887. At the time of this conveyance to D. E. Fee, C. E. Fee was a member of the partnership of Fee Bros. & Co., composed of C. E. Fee, O. P. S. Fee, M. T. Fee, and George E. Fee, and the said firm of Fee Bros. & Co. was indebted in a large sum to the firm of Bohm Bros. & Co., a firm composed of Abraham Bohm, Joseph Bohm, and Samuel Fleischman. On May ·6, 1887, the firm of Bohm Bros. & Co. instituted a suit in the district court of Dallas county, Tex., against Fee Bros. & Co., composed as above, to recover the sum of $1,025, amount of certain promissory notes due and owing to the plaintiffs, and in said suit obtained an attachment, on the ground that the defendants were about to dispose of their property, in whole or in part, with intent to defraud their creditors. The attachment issued, and commanded the sheriff to attach forthwith so much of the property of C. E. Fee, O. P. S. Fee, M. T. Fee, and George E. Fee, composing the firm of Fee Bros. & Co., sufficient to make the sum of, etc. The sheriff made return of said attachment as follows:

"Came to hand May 6, 1887, at 2:10 p. m. Executed same day at 2:10 p. m., by levying upon all the right, title, and interest of Fee Bros. & Co. in and to the following described tract of land, to wit,"—describing the lot in controversy. On the 10th of October, 1887, the defendants, by attorneys, appeared in the state court, and for answer filed a general demurrer and a general denial.

D. E. Fee died in December, 1887, leaving surviving him Katie D. Fee, his wife, and Jessie D. Fee, Dart E. Fee, Fannie M. Fee, Kate D. Fee, and Annie S. Fee, minors, his children, who were his only heirs. On the 15th day of February, 1890, George E. Fee, attorney in fact for William J. Duffy and Flora A. Duffy, and Kate D. Fee, wife of D. E. Fee, deceased, for and in consideration.of the sum of $3,937.51, conveyed to Marie A. Flournoy all of the land in controversy, except seven-sixteenths, which seven-sixteenths belonged to the minor heirs of D. E. Fee, which deed was duly filed for record March 7, 1890. On the 7th day of May, 1890, Katie D. Fee, as guardian of the aforesaid minor children of D. E. Fee, conveyed the interest of said minors,· to wit, seven-sixteenths in the property in controversy, to Mrs. Marie A. Flournoy, and, by admission in the record, it appears that Katie D. Fee had duly qualified as guardian of her said children, and that, by virtue of the orders and decrees of the county court of Dallas county, Tex., she had full authority, as guardian, to convey the interest of said minors in the property in controversy, and that her conveyance thereof to Mrs. Marie A. Flournoy was duly approved by an order of said county court of Dallas county, Tex. On the 15th of May, 1890, Mrs. Marie A. Flournoy, for the recited consideration of $8,500, sold and conveyed the land in controversy to said O. P. Bowser, which deed was duly recorded on the 20th day of June, 1890. On the 29th of May, 1890, the district court of Dallas county, Tex., in the suit of Bohm Bros. & Co. v. Fee Bros. & Co., rendered judgment in favor of the plaintiffs, and against Fee Bros. & Co., C. E. Fee, O. P. S. Fee, and M. L. Fee, for the sum of $1,541.47, with interest thereon from date at the rate of 8 per cent., and all costs of suit; and, in the same judgment, the court, after reciting the issuance of the attachment in the case, and that the same was levied upon certain lands of defendants described in the return, "ordered, adjudged, and decreed that the said attachment lien, as it existed on the 6th day of May, 1887, at 2:10 p. m. o'clock, upon the above-described tract of land, be, and the same is hereby, foreclosed, and that the clerk of the court do issue an order of sale, directed to the sheriff or any constable of Dallas coun-

ty, Tex., commanding him to sell the above-described tract of land under execution." On the 3d day of July, 1890, O. P. Bowser sold and conveyed one undivided half of said lot of ground, for the recited consideration of $7,500, to Franklin Butler and Byron Truell, which deed was filed for record on the 20th day of October, 1890. On the 4th day of October, 1890, an order of sale was issued out of the district court of Dallas county on the judgment foreclosing the attachment lien. It was executed on the same day, by levying upon the property specified in the order, and thereafter, after due advertisement, the property in controversy was struck off and sold to Samuel Fleischman, plaintiff herein, to whom, on the 9th day of December, 1890, the sheriff executed proper conveyance. It thus appears that both the plaintiffs in error and the defendants in error trace their title to C. E. Fee, and that, with the exception of the conveyance from C. E. Fee to D. E. Fee, all the conveyances were executed pendente lite. Other conveyances and matters were shown on the trial, which it is not necessary to refer to, except that plaintiff introduced evidence tending to show that the deed from C. E. Fee to D. E. Fee, dated February 9, 1887, was made for the purpose of hindering, delaying, and defrauding the creditors of C. E. Fee.

On the close of the testimony, the plaintiff requested the trial judge to instruct the jury as follows: "If you find that, at the time the deed from C. E. Fee to D. E. Fee was executed, Bohm Bros. & Co. were existing creditors of C. E. Fee, or the firm of which he, the said C. E. Fee, was a member and partner, and you further find that the hindrance of creditors formed any part of the actual intent of said C. E. Fee in execution of said deed to D. E. Fee, then, it being admitted that said D. E. Fee paid no valuable consideration for said deed, but, if any consideration existed in the transaction, it was part payment of a pre-existing debt, you will consider said deed as fraudulent and void as to plaintiff." "You are instructed that, if you find from the testimony that the deed from C. E. Fee to D. E. Fee was without consideration, and you further find that Bohm Bros. & Co. were creditors of C. E. Fee, or of the firm of which C. E. Fee was a partner, at the time said deed was executed, then you will find that said deed is void as to the plaintiff, and did not pass any title to D. E. Fee, as against plaintiff."

The court refused to give either of the foregoing charges, but charged the jury as follows:

"In this case, the jury are instructed that the plaintiff's title to the land in controversy had its inception on May 6, 1887, by the levy of an attachment, in the case of Bohm Bros. & Co. v. Fee Bros. & Co., on all the right, title, and interest of Fee Bros. & Co. to said land.

"(2) In order for plaintiff to recover in this suit the land sued for, you must be satisfied from the evidence that the firm of Fee Bros. & Co. were the real and equitable owners thereof at the date of the levy of said attachment, on May 6, 1887, and that D. E. Fee, who took the deed to the land sued for from C. E. Fee in February, 1887, and O. P. Bowser, who took deed to the land sued for from Mrs. M. A. Flournoy on May 15, 1890, were neither of them innocent purchasers, for a valuable consideration, of said land. To constitute an innocent purchaser, they must have bought in ignorance of the fact that the land equitably belonged to Fee Bros. & Co. (if such was the fact), and have paid a valuable consideration for the land. The attachment in the case of Bohm Bros. & Co. v. Fee Bros. & Co., having been levied on May 6, 1887, on the property now sued for, at a time when the legal title was in D. E. Fee, did not operate as constructive notice of the title of said Fee Bros. & Co. (if any) to said property to defendants, or those under whom they claim. The attachment in said case was levied only on the property of Fee Bros. & Co., and was foreclosed as levied.

"(3) If the jury find from the evidence that the firm of Fee Bros. & Co. were on the 6th day of May, 1887, the real and equitable owners of the property sued for in this case, and that the defendants and D. E. Fee, at the date of their respective purchases, were aware of that fact, then you will find for plaintiff the land in controversy.

"(4) If, however, you are satisfied from the evidence that the firm of Fee Bros. & Co. were not the equitable owners of the land sued for when it was attached May 6, 1887, as aforesaid, then you will find for the defendants.

"(5) Defendants deraign title under D. E. Fee, in whom the legal title to the

land in controversy was when the attachment above referred to was levied, on May 6, 1887. Said Fee was not a party to the suit of Bohm Bros. & Co. v. Fee Bros. & Co., out of which said attachment issued. If you find under the testimony that he, D. E. Fee, or O. P. Bowser, or the other defendants, purchased the land from their immediate vendor under the belief that such vendor was the legal and equitable owner thereof, and were ignorant of the equitable title (if any) of Fee Bros. & Co. and of plaintiff to said land at the date of such purchase, and that he had a fair and full consideration for said land, by crediting a pre-existing indebtedness, or in money and negotiable note, or money, then you will find for O. P. Bowser, if he is thus protected, and, if not, then for the other defendants, if they are so protected."

The plaintiff duly excepted to the refusals of the judge to charge as requested, and also to the charge as given, particularly the second and fifth paragraphs thereof.

J. C. Kearly and McCormick & Spence, for plaintiff in error.

Coombes & Gano and Harris & Knight, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge (after stating the facts). There are many adjudged cases which hold that it is essential to the validity of a levy upon an attachment, and of the title derived through it, that the return should state the property attached to be the property of the defendant. These cases either go upon the principle that it is the return of the officer, and not the actual attachment of property belonging to the defendant, which gives the court jurisdiction and constitutes the foundation of the subsequent proceedings, or upon the ground that a proceeding by attachment is a statutory proceeding in derogation of the common law, summary in character and harsh in its operation, and therefore to be strictly construed. There are also many adjudged cases to the effect that the validity of the levy upon an attachment, and of the title derived through it, are unaffected by the failure of the returning officer to state the property attached to be the property of the defendant. The reason given for some of these decisions is that the return is made by an officer placed under great responsibility by the law which defines his duties, and he pledges to the public, under the solemnity of an oath, his integrity and diligence, and consequently every reasonable intendment must be made in favor of the regularity of his official acts. There are still other cases to the effect that, where the sheriff returns an attachment levied on certain lands in the possession of a person not a party to the writ, it will be intended, in order to sustain the proceeding, that they were the property of the defendant, and levied on as such. It may still further be noticed that in some of the adjudged cases a distinction is made between attachments which are original, and auxiliary attachments, or those in aid of a suit already begun. In the former, the jurisdiction of the court depending upon the validity of the execution of the writ, presumptions are not admissible in favor of a levy or return. Wade, Attachm. § 145.

Robertson v. Kinkhead, 26 Wis. 560, shows a case where the writ of attachment, in the usual form, commanded the sheriff to attach so much of the lands, etc., of the defendants, William Sturgis and

Rowland Ellis, late copartners, etc. Upon this writ, the officer made return that, by virtue of the writ, he attached certain lands, describing them as the property of Rowland Ellis. The lands attached were, in fact and in truth, the property of William Sturgis, and not the property of Rowland Ellis, and the question presented to the supreme court of Wisconsin was whether the mistake of the officer, in respect of the true ownership of the lands, invalidated the attachment, so that it did not become a lien even upon the interest of Sturgis, the real owner. The court held:

"That the attachment was sufficient to bind the interest of Sturgis in the real estate, notwithstanding the mistake. He was one of the defendants in the attachment, and his property was seized by virtue of the process of the court against him. And, although the officer made a mistake in stating in the return that the property belonged to Ellis, yet this should not have destroyed the effect of the attachment in respect to Sturgis. Whatever interest he had in the lands was seized upon the writ. And the statement that the property was that of Rowland Ellis may be rejected as a mistake of the officer, or as being repugnant to the levy and more general description in the return, as was done in Fullam v. Stearns, 30 Vt. 444–457, and Bacon v. Leonard, 4 Pick. 277."

The supreme court of the United States holds that—

"The policy of the law does not require courts to scrutinize the proceedings of a judicial sale, with a view to defeat them. On the contrary, every reasonable intendment will be made in their favor, so as to secure, if it can be done consistently with the legal rules, the object they were intended to accomplish." White v. Luning, 93 U. S. 514–523; Cox v. Hart, 145 U. S. 376–387, 12 Sup. Ct. 962.

The return of the sheriff to the writ of attachment in the case entitled Bohm Bros. & Co. v. Fee Bros. & Co., in the district court of Dallas county, Tex., is, "Came to hand May 6th, 1887, at 2:10 p. m. Executed the same day at 2:10 p. m., by levying upon all the right, title, and interest of Fee Bros. & Co. in and to,"—describing certain lands. The force and effect to be given this return presents the main and controlling issue in this case. The trial judge, in instructing the jury, proceeded on the theory that the levy of the attachment was upon the right, title, and interest of Fee Bros. & Co., and not upon any right, title, or interest that the individual Fees, defendants, or any of them, particularly C. E. Fee, had in the land attached. The plaintiff in error contends that the return, to wit, "Executed by levying upon all the right, title, and interest of Fee Bros. & Co. in and to," etc., is equivalent to, and should be held to mean, "executed by levying upon all the right, title, and interest of C. E. Fee, O. P. S. Fee, M. T. Fee, and George E. Fee, individually and collectively, in and to," etc., and therefore the trial judge erred in the first and fifth paragraphs of the charge given to the jury.

In the record and briefs in this case there appears to be some confusion as to who were the actual parties defendant in the attachment suit entitled Bohm Bros. & Co. v. Fee Bros. & Co., in the district court of Dallas county, Tex. This confusion apparently arises from considering the partnership of Fee Bros. & Co. as a distinct person, capable of suing and being sued, and as the real defendant in the case mentioned; the names of the members of the partnership being given as a matter of description, merely, of the

party actually sued. In fact, the suit was brought and carried on against C. E. Fee, O. P. S. Fee, M. T. Fee, and George E. Fee, and all that is said or recited in the petition, affidavit, and attachment process in this suit, as to the partnership of Fee Bros. & Co., is either descriptive of the actual defendants, or of the cause of action, or is surplusage. The writ of attachment issued in the said case cannot be misconstrued as to the actual defendants therein mentioned. It runs: "We command you that you attach forthwith so much of the property of C. E. Fee, O. P. S. Fee, M. T. Fee, and Geo. E. Fee, composing," etc. The petition in the case of Bohm Bros. & Co. v. Fee Bros. & Co., in the district court of Dallas county, and the answer therein filed, as they appear in the record, show that the jurisdiction of the court did not depend upon the attachment proceedings, or in any wise upon the absence or nonresidence of the defendants; the grounds for the attachment being that the defendants were about to dispose of their property, in whole or in part, with intent to defraud their creditors. Considering that the jurisdiction of the district court of Dallas county, Tex., was not dependent on the sufficiency of the return in question, and that the words "Fee Bros. & Co.," "composing the firm of Fee Bros. & Co.," are used in the suit and attachment proceedings as descriptive of the actual defendants, taken collectively, and not in any wise as representing a distinct party, and, further, considering the natural import and meaning of the words of the return, and the trend of the authorities as given above, we are of the opinion that the return in question should be taken and construed as meaning that the attachment was levied upon all the right, title, and interest of the persons composing the firm of Fee Bros. & Co., to wit, C. E. Fee, O. P. S. Fee, M. T. Fee, and George E. Fee, the defendants in the suit. If the attachment was levied upon all the right, title, and interest of the individual Fees, composing the firm of Fee Bros. & Co., in and to the land in controversy, there can be no doubt that the attachment proceedings in the suit attached and impounded any title that C. E. Fee had in the land at the date of the levy. As we understand the charge of the court, the jury were instructed that in the attachment proceedings in the district court of Dallas county, under the return in question, only the interest of Fee Bros. & Co., as a distinct entity, apart from the individual members composing the firm, was attached and impounded, and that any title or interest that C. E. Fee individually had in and to the land in controversy was not attached. In this we cannot concur, and therefore we are constrained to hold that the first, second, and third assignments of error are well taken.

The fourth assignment of error is that the court erred in that part of the charge to the jury which is as follows: "The defendants deraign title under D. E. Fee, in whom the legal title to the land in controversy was when the attachment above referred to was levied, on May 6, 1887,"—because the plaintiff attacked said deed to D. E. Fee for fraud, and had introduced evidence tending to show that said deed was fraudulent and void as to creditors, and the question whether or not said deed was effective to convey any title

from C. E. Fee to D. E. Fee was a question for the jury. A part of the seventh assignment of error complains of the refusal of the judge to give the following instruction, to wit:

"You are further instructed that if you find from the testimony that the deed from C. E. Fee to D. E. Fee was without consideration, and you further find that Bohm Bros. & Co. were creditors of C. E. Fee, or of the firm of which C. E. Fee was a partner, at the time that said deed was executed, then you will find that the said deed is void as to plaintiff, and did not pass any title to D. E. Fee as against the plaintiff."

In Thompson v. Baker, 141 U. S. 648, 12 Sup. Ct. 89, the supreme court held that a conveyance by a debtor in Texas of his real estate there, made with intent to delay, hinder, or defraud his creditors, being void as to the latter, under the statutes of that state, a judgment sale and transfer of said property, in an action commenced by the levy of an attachment upon it as the property of the debtor, made after the fraudulent sale, should be upheld as against a bona fide purchaser from the fraudulent grantee, taking title after the levy of the attachment. As we have concluded that the attachment proceedings in the district court of Dallas county attached and impounded the title of C. E. Fee in the land in controversy, and as, on the trial in the court below, the conveyance of C. E. Fee to D. E. Fee on May 6, 1887, was attacked as null and void, because made to hinder, delay, and defraud creditors, and evidence tending to show that the said deed was fraudulent and void was adduced before the jury, and as all the defendants acquired title pending the attachment proceedings in the district court of Dallas county, it follows that the question as to the fraudulent character of the deed from C. E. Fee to D. E. Fee should have been submitted to the jury, with the particular instruction asked for by the plaintiff, referred to in the second clause of the seventh assignment of error.

The other questions raised by the assignments of error do not appear to be insisted upon, and need not be considered. The judgment of the circuit court is reversed, and the cause is remanded, with instructions to grant a new trial.