PETER E. KUKANSKIS ET AL. *v.* CARL F. GRIFFITH

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

---

Argued January 8—decision released May 13, 1980

*Joseph J. Trantolo, Jr.,* for the appellants (plaintiffs).

*David M. Reilly, Jr.,* with whom was *Richard J. Joseph,* for the appellee (defendant).

BOGDANSKI, J. On May 4, 1979, the parties entered into an agreement wherein the defendant agreed to construct a house for the plaintiffs on land owned by the defendant, designated as "Lot #2." On June

26, 1979, the plaintiffs, claiming that the defendant had breached the contract, brought an action for specific performance and money damages. Thereafter upon application by the plaintiffs, the court granted an ex parte prejudgment remedy of attachment of the defendant's interest in a parcel of land referred to as "Lot #4." The plaintiffs also filed a notice of lis pendens on Lot #2. On July 2, 1979, the defendant, through counsel and without notice to the plaintiff, secured a release of the prejudgment attachment and a dissolution of the lis pendens.

Upon learning of the court's action, the plaintiffs moved to confirm the original attachment and lis pendens. From a denial of that motion, the plaintiffs appealed claiming the court erred in vacating the prejudgment attachment ex parte and in dissolving the lis pendens.

I

Section 52-278e (1)[1] of the General Statutes provides that the court may allow a prejudgment remedy to be issued by an attorney without a hear-

[1] "[General Statutes] Sec. 52-278e. ALLOWANCE OF PREJUDGMENT REMEDY WITHOUT HEARING. SUBSEQUENT MOTION, HEARING AND ORDER. The court or a judge of the court may allow the prejudgment remedy to be issued by an attorney without hearing as provided in sections 52-278c and 52-278d upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim and (1) that the prejudgment remedy requested is for an attachment of real property; . . . . The defendant appearing in such action may move to dissolve or modify the prejudgment remedy granted pursuant to this section in which event the court shall proceed to hear and determine such motion expeditiously. If the court determines at such hearing requested by the defendant that there is probable cause to sustain the validity of the plaintiff's claim, then the prejudgment remedy granted shall remain in effect. If the court determines there is no such probable cause, the prejudgment remedy shall be dissolved. An order shall be issued by the court setting forth the action it has taken."

ing, upon verification by oath of the plaintiff, that there is probable cause to sustain the validity of the plaintiff's claim, provided that the prejudgment remedy requested is for attachment of real property. Once a prejudgment remedy of attachment has been issued pursuant to § 52-278e (1), as was the case here, it may be released or vacated only after notice and hearing as required by § 52-278k.[2] Thus, in releasing the prejudgment order of attachment in this case without notice and hearing, the trial court committed error. Since we conclude, however, that the affidavit upon which the attachment was based did not satisfy the requirement of probable cause, no remand is necessary.

The plaintiffs' verified affidavit stating that there existed a "contract" is conclusory only. *McAdam* v. *Sheldon*, 153 Conn. 278, 282, 216 A.2d 193 (1965). Moreover, the underlying contract which would have enabled the court to review the underlying facts was not before the court. Our examination of the plaintiffs' affidavit, which was the only document submitted in support of their application, discloses an insufficient factual basis upon which the court could premise a finding of probable cause. The requirement, therefore, that probable cause exist to justify the issuance of a prejudgment order of attachment of real estate pursuant to § 52-278e (1) was not satisfied.

---

[2] "[General Statutes] Sec. 52-278k. MODIFICATION OF PREJUDGMENT REMEDY. The court may, upon any application for prejudgment remedy under sections 52-278c, 52-278e, 52-278h or 52-282, modify the prejudgment remedy requested as may be warranted by the circumstances, and may, upon motion and after hearing, at any time modify or vacate any prejudgment remedy heretofore granted upon the presentation of evidence which would have justified such court in modifying or denying such prejudgment remedy at an initial hearing thereunder."

The court must, in the first instance, make a determination of probable cause before issuing an ex parte prejudgment remedy of attachment. In *Fermont Division, Dynamics Corporation of America, Inc.* v. *Smith,* 178 Conn. 393, 397–98, 423 A.2d 80 (1979), which involved an application for prejudgment remedies consisting of garnishments, attachments of personal property and temporary restraining orders, we upheld the constitutionality of § 52-278e (2) stating that the statute could be invoked only by a verified affidavit containing factual rather than conclusory allegations. Because § 52-278e (1) requires a factual showing that probable cause exists to sustain the validity of the plaintiff's claim, it comports with constitutional requirements. See also *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 583, 376 A.2d 60 (1977).

We therefore conclude that in granting the prejudgment remedy in the absence of a specific factual showing of the nature of the claim, the court was in error. As already noted the court also erred in subsequently dissolving the attachment without notice and hearing. A remand, however, would be fruitless under the circumstances of this case. See *Morris* v. *Costa,* 174 Conn. 592, 597–98, 392 A.2d 468 (1978); Maltbie, Conn. App. Proc. § 36.

## II

The plaintiffs also contend that the court erred in ordering ex parte the release of the lis pendens on Lot #2 on the ground that the court had no statutory authority under the circumstances of this case to release the lis pendens. See §§ 52-322, 52-324 and 52-326 of the General Statutes; *Ravitch* v. *Stollman*

*Poultry Farms, Inc.,* 162 Conn. 26, 35, 291 A.2d 213 (1971). They do not, however, address the defendant's claim that the placing of the lis pendens on the real estate in question was unconstitutional. To determine, therefore, whether the court erred in "dissolving" the notice of lis pendens, it is necessary to address the issue of whether § 52-325 of the General Statutes[3] is unconstitutional because it does not comply with the due process of law requirements of the fourteenth amendment of the federal constitution and article first, § 10 of the Connecticut constitution in that it fails to provide for notice to prop-

---

[3] "[General Statutes] Sec. 52-325. LIS PENDENS. In any action in a court of this state or in a district court of the United States the plaintiff or his attorney, at the time the action is commenced or afterwards, or a defendant, when he sets up an affirmative cause of action in his answer and demands substantive relief at the time the answer is filed, if the same is intended to affect real estate, may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of the pendency of the action, containing the names of the parties, the nature and object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property. Such notice shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action. For the purpose of this section an action shall be deemed to be pending from the time of the recording of such notice; provided such notice shall be of no avail unless service of the process is completed within the time provided by law. This section shall be construed to apply to mechanics' liens and all other inchoate liens, certificates of which are recorded subsequent to the recording of the notice of the pendency of the action; and, in suits to foreclose mortgages or other liens, the persons whose conveyances or encumbrances are subsequently executed or subsequently recorded shall forfeit their rights thereunder, unless they apply to the court in which such action is brought to be made parties thereto, prior to the date when the judgment or decree in such action is rendered."

erty owners and an opportunity for them to be heard at a meaningful time and in a meaningful manner.

The doctrine underlying lis pendens is that a person who deals with property while it is in litigation does so at his peril; see, e.g., *Mackenzie* v. *A. Engelhard & Sons Co.,* 266 U.S. 131, 142–44, 45 S. Ct. 68, 69 L. Ed. 205 (1924); *Thompson* v. *Baker,* 141 U.S. 648, 653, 12 S. Ct. 89, 35 L. Ed. 889 (1891); thereby preventing the effective disposition of the property. Section 52-325 of the General Statutes permits a party to an action intended to affect the title to real estate to file a notice of such action on the land records stating, in essence, only the names of the parties, the nature and object of the action and a description of the property. The filing of a lis pendens requires no judicial action, no showing of probable cause and no notice to the defendant property owner. The party filing the lis pendens is not required to post a bond or provide any surety to protect the owner against damages from an unsupportable claim. No opportunity is provided to the owner either before or after the recording of the lis pendens to challenge its propriety. Moreover, no provision is made whereby the owner may apply for the dissolution of the lis pendens upon the substitution of a bond with surety.[4]

In *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.,* 168 Conn. 371, 362 A.2d 778 (1975), cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976), this court declared Con-

[4] Section 52-326 provides that a lis pendens may be discharged only under those very limited circumstances which would justify the discharge of an attachment. See §§ 52-322 and 52-324 of the General Statutes.

necticut's mechanic's lien[5] statute unconstitutional on the ground that the absence of a provision for a hearing for the property owner at a meaningful time and in a meaningful manner was violative of procedural due process.[6] The statutory scheme struck down in *Roundhouse* provided that a claimant could file a lien entirely ex parte, without any authorization, supervision or control by the court; that the certificate of lien recorded in the town clerk's office contain only a description of the subject premises, the amount claimed and a conclusory statement that the amount was justly due; that the lien could continue for two years without any further action by the lienor; and that the lien could be dissolved upon the substitution of a bond in the probable amount of the lienor's claim. No provision was made whereby the property owner, either before or after the recording of the lien, could contest the validity of

---

[5] A mechanic's lien is a claim to secure priority of payment for materials supplied for or services performed upon a building or other property.

[6] The mechanic's lien statutes which were the subject of litigation in *Roundhouse* were materially changed by the provisions of Public Acts 1975, No. 75-418 and Public Acts 1976, No. 76-290. See General Statutes §§ 49-33 through 49-40a (Rev. to 1979). More specifically, Public Acts 1975, No. 75-418 requires notice and a hearing to a property owner whenever a person places a mechanic's lien on his property; a copy of the certificate of lien must be sent to the property owner within seven days after the claimant lodges his claim with the town clerk; and the owner may apply to a court for either the discharge of the lien on the ground that there is no probable cause to sustain its validity, or for the reduction of the lien on the ground that it is excessive. Public Acts 1976, No. 76-290 allows a property owner to post a bond with surety in an amount sufficient to indemnify the lienor for any damages sustained as the result of the lien being discharged or reduced; it also provides that a mechanic's lien becomes invalid if a foreclosure suit is not commenced within: (1) one year after the certificate of lien is filed or (2) sixty days after final disposition of an appeal from a court order granting or denying a property owner's motion to discharge or reduce the lien, whichever is later.

the lienor's claim prior to a trial on the merits, nor was the lienor required to post a bond or provide surety to protect the property owner against damages from an unsupportable lien.

This court concluded in *Roundhouse* that the statutory scheme dealing with mechanics' liens operated to deprive the defendants of their property without due process of law in that no provision was made whereby property owners had an opportunity to be heard at a meaningful time and in a meaningful manner.

In our view, the reasoning of *Roundhouse* applies with greater or equal force to the statutory scheme governing lis pendens. While it is fundamental that property cannot be seized without procedural due process, the difficult question is what quantum of interference with one's property rights is required before a "seizure" for constitutional purposes can be said to have taken place.

Clearly the placing of a notice of lis pendens on the land records does not deprive the property owner of his right to occupy and use the land in question. Just as clearly, however, a notice of lis pendens does interfere with an owner's right to sell or mortgage his real estate. We therefore conclude that the effect of a notice of lis pendens sufficiently interferes with the alienability of real estate to require this court to determine whether the statutes in question afford property owners that minimum of due process which is constitutionally required.

The opportunity to be heard at a meaningful time and in a meaningful manner is constitutionally

required to meet currently accepted standards of procedural due process in the area of property rights. See, e.g., *Fuentes* v. *Shevin,* 407 U.S. 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972), rehearing denied, 409 U.S. 902, 93 S. Ct. 177, 34 L. Ed. 2d 165 (1972); *Lynch* v. *Household Finance Corporation,* 405 U.S. 538, 92 S. Ct. 1113, 31 L. Ed. 2d 424 (1972), rehearing denied, 406 U.S. 911, 92 S. Ct. 1611, 31 L. Ed. 2d 822 (1972); *Sniadach* v. *Family Finance Corporation,* 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349 (1969); *Mitchell* v. *W. T. Grant Co.,* 416 U.S. 600, 94 S. Ct. 1895, 40 L. Ed. 2d 406 (1974); *North Georgia Finishing, Inc.* v. *Di-Chem, Inc.,* 419 U.S. 601, 95 S. Ct. 719, 42 L. Ed. 2d 751 (1975). While it is true that a flexible test for determining the existence of due process is used, and that a prior hearing is not constitutionally mandated in every case, the Connecticut lis pendens statutes fail to provide even the barest minimum of due process protection. Most conspicuously absent is any provision whatsoever for any sort of a timely hearing, either before or after the recording of the notice of lis pendens, which would give the property owner an opportunity to be heard or require the party recording the notice to demonstrate in any way the probability of prevailing on the underlying action. The statutes allow the notice of lis pendens to continue indefinitely without any further action on the part of the party recording it, during which time the property owner is without recourse to the courts to contest the merits of the underlying claim.

We must therefore conclude that the absence of a statutory provision for a hearing for the defendant property owner "at a meaningful time and in a meaningful manner"; *Armstrong* v. *Manzo,* 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965);

deprived him of his constitutional right to due process of law. We, accordingly, find no error in the order of the court in dissolving the lis pendens.

There is no error.

In this opinion the other judges concurred.