HERITAGE SAVINGS AND LOAN ASSOCIATION *v.*
WILLIAM R. SCHALLER ET AL.

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, JS.

Argued December 10, 1980—decision released February 10, 1981

118

*Paul M. Scimonelli,* assistant attorney general, with whom, on the brief, was *Ralph G. Murphy,* assistant attorney general, for the appellant (defendant state department of revenue services).

*David C. Wichman,* for the appellee (named defendant et al.).

WRIGHT, J.   This appeal concerns whether, in a foreclosure proceeding, an unrecorded tax lien is enforcible by the state of Connecticut against a delinquent taxpayer who holds the equity of redemption in the subject premises.   The plaintiff began this action to foreclose a mortgage given by the defendant Manchester Motor Sales, Inc.   A notice of lis pendens was filed and recorded on August 1, 1977.   Prior to this date, the state had filed a lien for Connecticut sales tax due from said defendant in the amount of $45,802.01.   On August 22, 1977, after the lis pendens notice was filed, the state filed and recorded a tax warrant; see General Statutes § 12-35; in the amount of $117,693.54.   This sum embraces the earlier tax lien and includes a further amount for subsequent sales taxes due and owing, but not paid by said defendant.

In determining priorities between the state and the defendant mortgagor after senior liens of record had been satisfied, the trial court ruled that the state's recovery in the foreclosure proceeding was limited to $45,802.01, the amount of the lien which was recorded before the notice of lis pendens was filed.   As to the balance claimed by the state in an amended proof of claim, the trial court held that the

state forfeited its rights because it did not comply with the lis pendens statute, General Statutes § 52-325,[1] and because the procedure used for serving the tax warrant was defective. Thus the defendant Manchester Motor Sales, Inc., although it was the delinquent taxpayer, received the balance of the proceeds of the foreclosure sale as holder of the equity of redemption. Because we disagree with the trial court's conclusion concerning forfeiture, we need not discuss the tax warrant procedures employed by the state in this case.

The state's tax lien was created by operation of law under the provisions of General Statutes § 12-420[2] as soon as the tax remained unpaid after the last day for filing the tax return and payment. See General Statutes §§ 12-414 (1), 12-420. In the present case, the lien for the entire principal of the sales tax due came into existence before the foreclosure proceeding commenced. From the wording

---

[1] Subsequent to the rendering of judgment in this case, we held that this statute was unconstitutional in *Kukanskis* v. *Griffith,* 180 Conn. 501, 510–11, 430 A.2d 21 (1980), because it interfered with an owner's right to sell or to mortgage his property and did not provide sufficient procedural safeguards to satisfy the due process requirements imposed by the state and federal constitutions. *Kukanskis* is not dispositive of the present case because we are not here directly concerned with the procedural due process rights of the property owner.

[2] "[General Statutes] Sec. 12-420. COLLECTION OF TAXES. DELINQUENT TAXES. The amount of any tax, penalty or interest due and unpaid under the provisions of this chapter may be collected under the provisions of section 12-35. The warrant therein provided for shall be signed by the commissioner or his authorized agent. The amount of any such tax, penalty and interest shall be a lien, from the last filing day of any period for which the taxpayer is delinquent until discharged by payment, against all real estate of the taxpayer within the state, and a certificate of such lien signed by the commissioner may be filed for record in the office of the clerk of any town in which such real estate is situated, provided no such lien shall be effective as against any bona fide purchaser or encumbrancer

of General Statutes § 12-420 it is clear that this tax lien exists irrespective of whether it is properly recorded on the land records. Id. Although the lien is ineffective as against any bona fide purchaser or encumbrancer who obtains an interest in the taxpayer's property before the lien is recorded; id.; as against the taxpayer, § 12-420 imposes no recording requirement.

The portion of General Statutes § 52-325 relied on by the trial court to bar the state's tax lien provides that any holder of an inchoate lien which is recorded after the filing of the required notice forfeits his rights thereunder unless he applies to the court in which the action is pending to be made a party to the action before the judgment or decree in the action is rendered. In this case, however, the state's claim was asserted before a final judgment was rendered in the action. As a result of the $45,000 lien which was recorded prior to the notice of lis pendens, the state was properly a party to the action.

The trial court apparently interpreted § 52-325 to require the state to reapply to the court and become a party as to the expanded claim even though it

of any interest in any such property to whom such property is transferred between the last day of such period and the date on which such lien is recorded. When any tax with respect to which a lien has been recorded under the provisions of this section has been satisfied, the commissioner, upon request of any interested party, shall issue a certificate discharging such lien, which certificate shall be recorded in the same office in which the lien was recorded. Any action for the foreclosure of such lien shall be brought by the attorney general in the name of the state in the superior court for the judicial district in which the property subject to such lien is situated, or, if such property is located in two or more judicial districts, in the superior court for any one such judicial district, and the court may limit the time for redemption or order the sale of such property or pass such other further decree as it judges equitable."

already was a party to the action by virtue of its $45,000 recorded lien. We reject this interpretation because the state, once made a party to the action, remained a party throughout the proceedings.

In sum, we hold that General Statutes § 12-420 operates as an automatic lien against the real estate of a delinquent taxpayer whether or not the state has fulfilled the filing requirements. It is true that such a lien would be ineffective as against bona fide purchasers or encumbrancers unless proper notice were filed. In the present case, however, the defendant Manchester Motor Sales, Inc., the owner of the equity of redemption, was the delinquent taxpayer and has no cause to complain about any possible defects in the notice requirements.

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.