[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff served a notice to quit on defendant on August 20, 1990 stating the reason that the right to occupy these premises has terminated, Connecticut General Statutes47a-23(A)(3). This subsection states: "When one originally had the right or privilege to occupy such premises other than under a rental agreement or lease but such right or privilege has terminated". . .
In response to a request to revise plaintiff filed a revised complaint which alleged:
1. The plaintiff is the owner of premises at 29D Wharton Brook Drive, Wallingford, Connecticut. CT Page 1016
2. On or about April 18, 1987, the defendant entered into possession of the premises as a minor child of the tenant, Charlene Dennis. who entered into possession pursuant to a lease on or about the same date between herself and the Wallingford Housing Authority. The defendant, therefore, originally entered into possession as a member of the named tenant's family pursuant to a right or privilege to occupy other than under a rental agreement or lease in accordance with General Statute Section47a-33(a)(3), and has ever since continued in possession thereof.
3. In June 1990, when the named tenant Charlene Dennis — a.k.a. Charlene Von Matre, and her husband, Ivan Van Matre vacated the premises and caused the lease agreement between the tenant and the Wallingford Housing Authority to be terminated, the defendant's right to possession of the premises terminated.
4. On August 23, 1990, the plaintiff caused a notice to be duly served on the defendant to quit possession of the leased premises on or before September 4, 1990 as required by law.
5. Although the time designated in the notice for the defendant to quit possession of the premises has passed, the defendant still continues in possession.
In her answer the defendant admitted that she entered possession of the premises as the minor child of Charlene Dennis on or about April 18, 1987. She also admitted that her parents vacated the premises in June 1980. The evidence offered at the hearing enables the court to find that she has occupied the premises with her minor child since that date without a written or oral lease and without the express permission of the plaintiff. Defendant also provided evidence that plaintiff has accepted the plaintiff's monthly tender of a sum of money calculated on defendant's AFDC stipend and plaintiff's rental schedule. The court finds that these sums do not constitute rent and were never accepted as such by plaintiff.
Defendant claims that her parents' departure from the premises despite the fact that they were signatories on the lease did not terminate her right under the lease to remain in possession. In effect defendant claims she is a tenant as defined by Connecticut General Statutes 47a-1(1). Defendant also claims that her occupancy is a constitutionally protected property interest in which the leases of all family members are invariably renewed as long as they continue to meet the eligibility criteria set by state law. Such an interest she avers requires a predeprivation hearing to conform to due process of law. CT Page 1017
Plaintiff denies that defendant is a tenant as defined by law and that the summary process procedure is inadequate process for one in her status. The evidence enables the court to find that the defendant originally occupied the premises as part of the family of the tenants. After her marriage she removed herself from the premises. Subsequently on or about December 15, 1989 she returned to the premises prior to her parents' terminating their tenancy. During the period before the parents' departure, the plaintiff calculated the rent by including defendant's AFDC stipend. The parents' lease included a covenant not to assign, sublet or transfer. In May of 1990 the defendant applied to plaintiff for Moderate Rental Housing. In June of 1990 defendant's parents moved out at which time the plaintiff put the defendant on its waiting list for moderate rental housing.
The court concludes that the defendant is not a tenant as defined by Connecticut General Statutes 47a-1(1) and therefore the plaintiff has the right to possession of the premises. The defendant having applied for a place on the waiting list of this moderate rental project is subject to the procedures contained in the Administrative Regulations governing such lists Sec. 8-72-1 — 8-72-3.
The court further finds that the defendant has failed to prove the allegations of her two special defenses. All of the defendant's claims have been fully heard in this summary process proceeding prior to any prejudicial judgment or court order. LaCroix v. Board of Education, 199 Conn. 70, 80 (1986). This proceeding afforded defendant notice and opportunity to be heard at a meaningful time and in a meaningful manner. Kukanskis v. Griffith, 180 Conn. 501, 509, 510 (1980).
Judgment may enter for plaintiff.
DORSEY, J.