[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Springfield Oil Services, Inc. ("Springfield") has moved that summary judgment enter in its favor both as to its claims for nonpayment of certain notes executed by the defendant John Conlon in connection with his participation in a limited partnership formed to participate in exploratory drilling for oil, and also as to the merits of the defendant's special defenses to those claims. CT Page 303
In its revised complaint filed March 22, 1996, Springfield alleges that it is the assignee of three subscription notes dated December 31, 1981, by which Conlan, in order to purchase a limited partnership interest in Salisbury Associates, a Texas limited partnership, obligated himself to pay that partnership $50,000 on December 31, 1991, $50,000 on December 31, 1992, and $50,000 on December 31, 1993. Springfield alleges that Conlon failed to make the payments on their due dates, and it commenced suit in 1996 to collect the amounts due.
The defendant asserts in his first special defense that Harvest Oil Company, the general partner of Salisbury Associates, was at all relevant times affiliated with Springfield, that as general partner, Harvest contracted with Springfield in a drilling contract that was extended using the subscription promissory notes of the Salisbury Associates limited partners as funding, and that Salisbury breached its fiduciary duties to Conlon as a limited partner by dissolving the partnership at a time and upon recognition of debts to Springfield that were not authorized under the terms of the limited partnership agreement.
In his second and third special defenses, the defendant alleges that the assignment of the Salisbury Associaties notes to Springfield by Harvest Oil Company was without adequate consideration and was the product of self-dealing.
In his opposition to the motion for summary judgment, Conlon does not advert to his fourth special defense, in which he alleges the same conduct alleged in the second and third defenses and adds that "[i]n conducting the affairs of the Limited Partnership, the General Partner has failed to exercise good faith and integrity." He does not rely on his fifth and final special defenses, in which he asserts that Springfield's claim is barred by "the applicable Statute of Limitations."
In addition to the affidavit and submissions filed with its motion, Springfield filed an additional affidavit with its reply brief. At oral argument, counsel for the defendant was asked if he desired more time to counter the material in the additional factual submission. He declined the opportunity to submit further materials.
Standard of review
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49 (formerly § 384). Sherwood v. Danbury Hospital, 252 Conn. 193, 201 (2000); Rivera v.Double A Transportation, Inc. 248 Conn. 21, 24 (1999); Alvarez v. NewCT Page 304Haven Register, Inc., 249 Conn. 709, 714 (1999) Nichols v. LighthouseRestaurant, Inc., 246 Conn. 156, 163, 716 A.2d 71 (1998); Peerless Ins.Co. v. Gonzalez, 241 Conn. 476, 481, 697 A.2d 71 (1997).
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telescov. Telesco, 187 Conn. 715, 718 (1982).
Conlon does not raise as an issue whether a plaintiff can employ a motion for summary judgment to resolve the merit of a special defense.
Has the movant demonstrated entitlement to judgment?
The plaintiff conceded at oral argument that it does not have the status of a holder in due course, and that it is subject to whatever defenses the defendant had against the assignor of the notes. Though the plaintiff's submissions concerning the existence and execution of the notes at issue are not disputed by the defendant, the plaintiff has failed to establish what the facts are with regard to the special defenses. In its briefs in support of the motion, the plaintiff states in a conclusory manner that Salisbury did not violate the limited partnership agreement by using the promissory notes of limited partners as CT Page 305 the basis for funding for drilling after the initial drilling program. It also states that the assignment of the notes to it was a legitimate payment for services rendered, and that "the General Partner properly determined the value of the Salisbury's assets and properly disposed of them," and that "all transactions between Affiliates of the General Partners and Salisbury were in good faith, fair to the Partnership and for adequate consideration." (September 9, 2000 Brief, pp. 13, 14.)
The plaintiff refers the court to various paragraphs in two affidavits of Jerry Karlik, vice president of Harvest Oil Company, the general partner of Salisbury Associates. Those affidavits do not set forth facts but only characterizations and conclusions. For example, Springfield asserts that the defendant's claim of wrongful termination of the partnership must fail because Mr. Karlik has stated in his September 28, 2000 affidavit, at paragraph 12, that "[t]he termination of Salisbury was proper and within the authority of the General Partner." The underlying facts upon which this conclusion are based are not set forth.
Similarly, Mr. Karlik averred in his December 6, 2000 affidavit, at paragraph 6, that "[a]t dissolution, [Springfield] was owed $2,037,754 by Salisbury. The Notes which were assigned by Salisbury to satisfy this debt were worth much less than this amount." This assignment to Springfield, which is dated December 31, 1989, contains no reference to a balance due to Springfield. The plaintiff has not provided a copy of the contract or documents demonstrating payments made and the balance claimed to be due at the time of assignment of the notes.
The defendant has filed portions of Mr. Karlik's deposition, which illustrate that this witness had only the most vague and indefinite familiarity with the alleged services rendered by Springfield to Salisbury, and he had no documents to indicate which, if any, wells were actually drilled pursuant to the contract that is alleged to have been the reason for the assignment of the notes. When asked about documents that had been purported to relate to such services, Mr. Karlik stated "I don't know whether these specific documents relate to the actual wells drilled for Salisbury Associates." (November 15, 2000 Deposition, p. 56.) He was also unable to identify any wells drilled for Salisbury, though he maintained that some were. (Deposition pp. 53-61.)
If, at the time Salisbury was dissolved, Salisbury did not owe Springfield money for any services performed, Article IX of the limited partnership agreement appears to provide that no further funds would be owed by limited partners: after payment of partnership debts, upon dissolution each partner was to receive a share of the assets, which would include the notes. CT Page 306
The plaintiff does not deny the defendant's allegations of control by the Harvest; and the bona fides of the transaction by which the notes of Salisbury limited partners were assigned to Springfield is therefore subject to close scrutiny. The parties agree that under either Texas or Connecticut law a general partner owes fiduciary duties to a limited partner. Konover Development Corp. v. Zeller, 228 Conn. 206, 218-219
(1994); Bohatch v. Butler Binion, 977 S.W.2d 543 (1998).
Springfield's submissions are insufficient to demonstrate what the facts are with regard to the claim of breach of fiduciary duty in the assignment of the notes. See Kukanskis v. Griffith, 180 Conn. 501, 504
(1980). In endeavoring to disprove the defendant's special defenses, Springfield has put itself in the position of proving a negative, and it has not succeeded.
Conclusion
The motion for summary judgment is denied.
Beverly J. Hodgson Judge of the Superior Court